**HYLAND HILLS PARK AND RECRE-ATION DISTRICT, ADAMS COUNTY, COLORADO, Petitioner–Appellee,**

v.

**The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a Delaware corporation, Respondent–Appellant.**

No. 90CA1858.

Colorado Court of Appeals,
Div. III.

Sept. 24, 1992.

Rehearing Denied Nov. 27, 1992.

Certiorari Granted March 29, 1993.

Zak, Fox, Pehr and Fuller, P.C., Richard L. Fuller, Westminster, for petitioner-appellee.

Kathleen M. Snead, Denver, for respondent-appellant.

Opinion by Judge JONES.

Respondent, The Denver and Rio Grande Western Railroad Company (Railroad), appeals a judgment of the trial court in which the court determined that the Railroad's real property, which lies within the boundaries of petitioner, Hyland Hills Park and Recreation District (District), is included for all purposes, including taxation, within the District. We reverse.

In October 1955, the predecessor organization to the District was created and organized as a quasi-municipal corporation and governmental subdivision of the State of Colorado by order of the Adams County District Court. The District was created pursuant to the Metropolitan Recreation District Act (Act). Colo.Sess.Laws 1955, ch. 199, § 89–12–1, et seq., at 563.

Within the borders of the District lay land owned by the Railroad. This land was specifically excluded from the District by virtue of Colo.Sess.Laws 1955, ch. 199, § 89–12–8, at 567–568, which stated, in relevant part:

> *Exclusion proviso*—Any provision to the contrary notwithstanding, no tract or parcel of real estate *used for* manufacturing, mining, *railroad* or industrial *purposes*, which together with the buildings, improvements, machinery and equipment thereon situated, shall have an assessed valuation in excess of twenty-five thousand dollars at the date of filing the petition mentioned in section 4, or any tract of farm or ranch land of forty acres or more used primarily for agricultural purposes, shall be included in any district under this act without the written consent of the owners thereof. (emphasis added)

The Act also set forth an inclusion provision which provided, in pertinent part, as follows:

Nothing in this section shall be deemed to permit the inclusion in a district of any property which could not be included in the district at the time of its organization without the written consent of the owners thereof unless the owners of such property shall consent in writing to the inclusion of such property in the district as prayed in said petition.

Colo.Sess.Laws 1955, ch. 199, § 89–12–21 at 574.

In 1961, the General Assembly embarked on a course calculated to establish, over the next several years, that its policy as to special districts, such as the District here, would be that almost all land within the geographical boundaries of such districts would be includable in the districts for purposes of paying obligations, including taxes, for the support of the services provided by the districts.

Thus, in 1961, the General Assembly amended the exclusion proviso of the Act by adding a second paragraph to § 89–12–8 which provided, in part, that:

(2) In the event that the use of any tract of farm or ranch land of forty acres or more lying within the boundaries of any metropolitan recreation and or park district ... has or will be changed from that of "agricultural lands" ... then such lands and the personal property thereon shall no longer be excluded from said district and, after due notice by the board of directors of the metropolitan recreation district to the property owner, with right of a hearing for said property owner within a ten day period, shall be subject to all obligations, liens, or charges of said district from January 1 of the year following such change in use.

Colo.Sess.Laws 1961, ch. 176, § 89–12–8(2) at 530.

In 1973, the Act was re-organized and renumbered by the revisor of statutes, pursuant to § 2–5–101(2), C.R.S. (1980 Repl. Vol. 1B), such that the exclusion proviso, previously found at § 89–12–8, C.R.S., was renumbered as § 32–2–108(1) and (2), C.R.S. The subsection concerning inclusion in a district, previously found at § 89–12–21, was renumbered as § 32–2–121(8),

C.R.S. No amendments were made to either section at that time.

A significant amendment to the exclusion proviso occurred in 1975, when the General Assembly amended § 32–2–108(1) to delete all reference to exclusions from the subject districts of real property such as that owned by the Railroad, except for farm and ranch land in tracts of 40 acres or more used primarily for agricultural purposes. Colo.Sess.Laws 1975, ch. 283, § 32–2–108(1) at 1291. The impact of the 1975 amendment was that only agricultural land, as described in the Act, was specifically excluded from inclusion within a district. All other land within the boundaries of a district could be included by way of a procedure set forth in § 32–2–121, subject to the specific provisions of § 32–2–121(8).

Section 32–2–121(8) provided that property that could not have been included in a district at the time of the district's organization could not be later included without the written consent to the inclusion by the owners of the subject property.

Thus, as of the time of the 1975 amendments to the Act, the Railroad's property could not have been included in the District without the Railroad's written consent.

In 1981, the General Assembly repealed the Act and enacted the Special District Act (Act II). Colo.Sess.Laws 1981, ch. 282, § 32–1–101, et seq., at 1542–1628. The Act II was promulgated, *inter alia,* for the purpose of providing for and regulating all of various districts which provided for different services to their inhabitants, and for the "health, safety, prosperity, security, and general welfare" of such inhabitants and of all of the people of Colorado. Section 32–1–102, C.R.S. (1992 Cum.Supp.).

Under the Act II, § 32–2–108, C.R.S., the exclusion proviso, was re-codified at § 32–1–307, C.R.S. (1992 Cum.Supp.). To its two original subsections were added two additional subsections which provided specific procedures for inclusion of farm or ranch land into a special district when there is a change of use or zoning of such property. Colo.Sess.Laws 1981, ch. 382 at 1554–1555.

Additionally, as part of this repealing and re-enactment of the entire statutory scheme, § 32–2–121(8), C.R.S., the inclusion provision, was re-codified as § 32–1–401(2)(f), C.R.S. (1992 Cum.Supp.) and amended to state:

Nothing in this part 4 shall permit the inclusion in a district of any property which could not be included in the district at the time of its organization without the written consent of the owners thereof, unless the owners of such property shall consent in writing to the inclusion of such property in the district as prayed for in said petition *or unless such property is no longer excludable pursuant to the provisions of Section 32–1–307(2).*

Colo.Sess.Laws 1981, ch. 382, § 32–1–401(2)(f) at 1557–1558 (emphasis added).

In May 1989, the District filed a petition for inclusion of certain properties with the Adams County District Court, seeking a court order that certain railroad, manufacturing, mining, and industrial properties previously excluded from its District should now be included because of the amendments to the exclusion proviso in § 32–1–307. The Railroad's real estate was among the properties sought to be included, and it is the only property which is the subject of this appeal.

Prior to the filing of the petition, the District's Board of Directors· (Board) had served the Railroad with a notice of hearing, informing the Railroad that the Board would conduct a hearing to determine whether its real estate should be included in the District. The Railroad responded in writing to the hearing notice and objected to the inclusion of its property and, more specifically, stated that it did not agree with the inclusion.

After a hearing in March 1989, during which property owners were given the opportunity to address the Board concerning termination of the exclusion, the Board voted and later formally resolved to petition the district court to terminate the exclusion ·of the properties and include them within the District for all purposes, including taxation.

After a hearing on the petition for inclusion, the district court, on September 13, 1990, entered its judgment determining, *inter alia,* that the Railroad's property is included in the District. The court also determined that the provisions of § 32–1–401(2)(f) did not apply to the dispute.

On appeal, the Railroad contends that the trial court erred in its determination that its real property should be included in the District. We agree.

There is no dispute that, for purposes of this case, the Railroad's real property at issue has not changed in use from that existing at the time of the District's formation in 1955. Also, the record reveals no dispute as to the fact that the Railroad's real estate within the boundaries of the District was not and had not been farm or ranch land used primarily for agricultural purposes. Further, the record reveals no dispute concerning the fact that the Railroad's land was not zoned for agricultural use or purposes.

■ The central issue to be determined is whether the provisions for inclusion set forth in § 32–1–401(2)(f) apply here.

Section 32–1–401(2)(f) sets forth two circumstances under which land previously excluded for inclusion in a district at the time the district was organized may be included in such district. The first occurs when the owners of the property, who would have originally had to give their consent in writing for inclusion, now give such written consent. The second, added by the 1981 amendments, occurs when the property sought to be included is no longer excludable under § 32–1–307(2). Section 32–1–401(2)(f), C.R.S. (1992 Cum.Supp.).

Section 32–1–307(2), C.R.S. (1992 Cum. Supp.) provides as follows:

If the use or zoning of any tract of land of forty acres or more lying within the boundaries of any park and recreation district organized under the provisions of this part 3 has *been or is changed from agricultural use or zoning designation, such lands and the personal property thereon shall no longer be excluded from said district* and shall be subject to all obligations, liens, or charges of such district on and

**158**

after January 1, of the year following such change in use or zoning. (emphasis added)

Thus, the plain language of this statutory provision directs that the specified change from agricultural use or zoning must occur for property to lose its excluded status.

There is no reference in § 32–1–401(2)(f) to land used or owned by a railroad. Hence, the second circumstance enunciated in § 32–1–307(2) that would allow the previously excluded railroad land to be included in the special district pursuant to § 32–1–401(2)(f) is not applicable. Thus, the plain language of § 32–1–401(2)(f) mandates that the Railroad's property, "which could not be included in the district at the time of its organization without the written consent in writing of the owners thereof" pursuant to a prior incarnation of the same statutory provision can *still* not be included within a special district "unless the owners of such property shall consent in writing to the inclusion of such property in the district." The trial court, therefore, erred in ruling that § 32–1–401(2)(f) was not applicable here.

Moreover, the trial court incorrectly determined that the Railroad properties would be included under § 32–1–307 because, pursuant to the prior incarnation of this provision as § 32–2–108(1), the General Assembly deleted all reference to exclusion from metropolitan recreation districts of real estate such as that owned by the Railroad. Prior versions of a statutory provision are not relevant when the General Assembly refers to a more recently enacted provision. And, the reference to § 32–1–307(2) in § 32–1–401(2) does not incorporate language that the General Assembly previously struck from the statute.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded with directions that the petition be dismissed with prejudice.

METZGER and RULAND, JJ., concur.